

JON PIETER VANBREEMEN

-V-

UNITED STATES

5:23-CR-00091 / 5:25-cv-246

MOTION TO CORRECT SENTANCE

I, JON VANBREEMEN, #618-20-510 AM FILING PROSE A 2255 MOTION TO HAVE MY SENTANCE CORRECTED, I BELIEVE THESE ARGUEMENTS AND FACTS WILL PERSUADE YOU TO CORRECT MY UNJUST SENTANCE. MY LAWYER TODD HOUK FAILED IN MANY WAYS, HE DID NOT APPEAL MY SENTANCE, REFUSING TO ANSWER MY SEVERAL ATTEMPTS TO CONTACT HIM FOR THIS. HE FAILED TO CHALLENGE MY UPDATED PSR AND SUBSEQUENT ENHANCEMENTS. IN ELBOGHDADY-V-US 2024 US APP LEXIS 2281 (4TH CIRCUIT APPEAL 2024) HE WON HIS ARGUEMENT ON THE SAME (8 POINT) ENHANCEMENT. THESE FAILINGS CAUSED A 6TH AMMENDMENT VIOLATION LEADING TO VIOLATIONS OF THE 4TH, 5TH, AND 8TH AMMENDMENTS.

ARGUMENT #1

INEFECTIVE ASSISTANCE USES THE STRICKLAND-V-WASHINGTON 80. L. ED 2d 674 (1984) STANDARD. THE TWO PRONGS ARE PREJUDICE AND ERROR IN DUTY. THESE ARE HIGH BARS TO REACH

Prejudice is from a lack of action that knowingly caused me harm. An action if taken would have cost nothing except the completion of the job my lawyer was appointed to do. I will explain further below.

Error is from not knowing relevant case law and how to apply it to a case. This is common but normally a futile argument. This time it was to my detroment.

Failing to challenge an enhancement is not an error normally, however this failure was created as the relevant case, Elboghdady, was as nearly identical as possible in our system. As that case included the same undercover officer, fake victims, prosecutor, and courtroom. That case successfully challenged the 8 level enhancement of 2G1.3(b)(5), as mine should be as well. This failure to appeal or argue even after instructed to do so is a violation of my 6th Ammendment right to councel.

## Arguement 2

As mentioned, Elboghdady's review using US-V-Provance 944 F.3d 213 (4th Cir 2011) would show that 2G1.3(b)(5) should be removed from my enhancements as well. I pled to a single count of 2423(b) with

A VICTIM AGED 13. YET I WAS PUNISHED FOR TWO VICTIMS, WHO DID NOT EVEN EXIST.

ARGUMENT #3

MY SENTANCE OF 168 MONTHS IS GREATER THAN NEEDED. MY ACTIONS OF HAVING AN OBSINE CONVERSATION AT A BAR WITH AN ADULT WOMAN IS OUTSIDE THE HEARTLAND OF A 2423(b) CHARGE. NOR DID I POSSESS ANY CHILD PORNOGRAPHY, GIFTS, OR SEX RELATED ITEMS. THIS IS UNLIKE THE VAST MAJORITY OF INDIVIDUALS ARRESTED IN THIS SAME OPERATION. ELBOGHDADY ONLY RECIEVED 120 MONTHS FOR THIS OFFENCE BEFORE HAVING THAT SENTANCE REDUCED FURTHER. THIS IS CLEARLY A DISPARITY OF SENTANCE IN VIOLATION OF 3553(a)(6)

I BELIEVE ANY OF THESE ARGUMENTS ALONE ENOUGH TO VACATE MY SENTANCE AND REQUEST THAT YOU DO SO, IN SUCH TO REMOVE THE 2G1.3(b)(5) ENHANCEMENT. I THANK THE COURT FOR ITS TIME AND CONSIDERATION.

VAN BREEMEN, JON
61820 510
FCI PETERSBURG MED
PO BOX 1000
PETERSBURG, VA 23804-1000

CLERK OF COURT
4TH DISTRICT COURT SD-WV
300 VIRGINIA ST E
CHARLESTON, WV 25301-2503

LEGAL MAIL

RICHMOND VA RPDC 230
8 APR 2025 PM 2 L